UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-22143-CIV-KING

BELL CANADA,
a Canadian corporation,

      Plaintiff,

vs.

YAK AMERICA.,
a Florida corporation,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S 12(b)(6) MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim for Which Relief Can be Granted. (DE #5). Therein, Defendant Yak America ("Yak") attacks Counts one and two of Bell Canada's ("Bell") Complaint (DE #1) alleging that Bell failed to plead the foundational elements of a breach of contract claim. Specifically, Yak alleges that though its president made a promise to Bell, the promise was unenforceable because it was not supported by legal consideration.

Upon careful evaluation of the arguments set forth in the Parties' briefs,[1] the Court finds that Bell sufficiently pled Yak's breach of a contractual obligation and the Defendant's Motion to Dismiss must be denied.

### I. BACKGROUND

Bell, a telecommunications company, entered into a three-year contract to provide services to non-party Spot Talk, Inc. ("Spot Talk"). After Spot Talk fell behind on payments,

---

[1] Defendant's motion to dismiss (DE #5) was filed June 30, 2012. Plaintiff Bell filed a Response on July 19, 2012. (DE #6). Defendant did not Reply.

Bell contacted Defendant Yak about Spot Talk's debt.[2] On or about June 14, 2011, President and Director of Yak America, Charles Zwebner, guaranteed the debt in an email to Bell's associate director of credit and accounts receivable management:

> This email will confirm per your request that Spot Talk Inc indebtedness to Bell Canada will be guaranteed by Yak [sic] America Inc.
>
> On receipt of your aging report, we will establish payment arrangements for this account to be settled in full and for Bell Canada to incur no bad debt.

Zwebner signed the email, and Yak does not deny making such a promise. Instead, Yak argues that the promise is unenforceable because Yak received no consideration for guaranteeing Spot Talk's debt and, therefore, Yak owes Bell nothing.[3]

Bell filed the above-styled action on June 7, 2012 (Compl., DE #1), alleging four causes of action against Yak: breach of contract (Count I); breach of an implied-in-fact contract (Count II); breach of an implied-in-law contract (Count III); and promissory estoppel (Count IV). Bell alleges that prior to receiving the email from Zwebner, Bell planned to suspend services to Spot Talk and to escalate debt collection efforts. (Compl., ¶19, DE #1). "In reliance upon Yak America's guarantee of Spot Talk's indebtedness to Bell and promise to pay Spot Talk's account with Bell in full, Bell (a) continued to provide services to Spot Talk; and (b) forbeared on the collection of the monies owed by Spot Talk." (Compl., ¶20, DE #1). On June 30, 2012, Defendant filed its motion to dismiss for failure to state a claim. The Court now addresses that motion.

## II. LEGAL STANDARD

Historically, a motion to dismiss for failure to state a claim was "viewed with disfavor,"

---

[2] Bell asserts that Spot Talk is a sister company of Yak. (Compl., ¶ 8, DE #1). Yak disputes any affiliation with Spot Talk. (DE #5, p. 5).
[3] "YAK agreed to pay, yet received nothing from either entity to effectuate the promise and make it an enforceable agreement. The e-mail therefore lacks the necessary elements to create an enforceable contract and the guarantee is not enforceable." (DE #5, pp. 2-3).

*Vernon v. Med. Management Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1554 (S.D. Fla. 1996), and to be granted only where it was clear that no set of facts consistent with the allegations could provide a basis for relief. As the Eleventh Circuit once stated in relying on long-standing precedent of the United States Supreme Court: "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.' " *Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99 (1957)).

However, following the Supreme Court's decisions last decade in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (characterizing allegations of parallel conduct in support of a claim for price fixing as falling short of plausible). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. When evaluating a complaint on a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). So long as the complaint properly alleges facts that make its claims plausible, the Court must view the complaint's allegations in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Iqbal*, 129 S. Ct. at 1951. If the Court identifies such conclusory allegations, it must then consider whether the remaining allegations "plausibly suggest an entitlement to relief." *Id.* The Court must dismiss a complaint that does not present a plausible

claim entitled to relief.

## III. DISCUSSION

For the Court to grant Defendant's motion, Yak must demonstrate that Plaintiff has not sufficiently pled facts to, on their face, support any plausible claim upon which relief can be granted. Plaintiff pled four counts, and thus Defendant must prevail in showing that Plaintiff has failed in pleading for each of those four causes of action. Defendant does not do so. In fact, Defendant's motion to dismiss focuses solely on what Defendant alleges is a lack of consideration. Significantly, however, consideration is a necessary element of only Count I and Count II of the Complaint. Breach of an implied-in-law contract (Count III) and promissory estoppel (Count IV) are equitable principles; as such, they are not governed by contract law but by an understanding of fairness and justice. Moreover, Defendant is incorrect in its position that the guaranty of the debt of Spot Talk lacked consideration. Accordingly, Plaintiff adequately pleaded four bases upon which relief can be granted and Defendant's motion must be denied.

### A. Forbearance Constitutes Legal Consideration

Defendant is correct in stating that guaranty contracts are governed by traditional principles of contract formation. *See* 38 Am. Jur. 2d Guaranty § 53 (1968). The parties involved must mutually assent to the terms, and those terms must be supported by adequate consideration. If a valid guaranty contract exists, then the effect is that the guarantor has made "a collateral promise to answer for the debt or obligation of another." *See Federal Deposit Ins. Corp. v. University Anclote, Inc.*, 764 F.2d 804, 806 (11th Cir. 1985) (citing *Nicolaysen v. Flato*, 204 So. 2d 547, 549 (Fla. Dist. Ct. App. 1967), *cert. denied*, 212 So. 2d 867 (Fla. 1968)). The guarantor is liable to the extent that the debtor is liable. 38 Am. Jur. 2d Guaranty § 77 (1968).

There is no dispute in the above-styled action as to mutual assent. Defendant admits that

its president sent an email to Plaintiff promising to pay Spot Talk's debt. Instead, Defendant claims that the promise is unenforceable because it lacked consideration, which is a necessary element of both a contract and an implied-in-fact contract.[4] Plaintiff counters that, in exchange for Defendant's guaranty, Plaintiff agreed to forbear from suing Spot Talk and that this forbearance was sufficient consideration for Defendant's promise to pay. The question, then, is whether the law recognizes forbearance as adequate consideration.

Florida law follows general contract principles when it comes to measuring the adequacy of consideration. "It is axiomatic that a promise, no matter how slight, can constitute sufficient consideration so long as a party agrees to do something that they are not bound to do" *Ashby v. Ashby*, 651 So. 2d 246, 247 (Fla. Dist. Ct. App. 1995). A mere "peppercorn" will suffice. *Delta Health Group, Inc. v. Royal Surplus Lines Ins. Co.*, 327 F.App'x 860, 866 (11th Cir. 2009). And for more than a century, courts throughout the United States have recognized forbearance from pursuing a legal remedy can constitute consideration. *See* Edmund H. Bennett, *Forbearance to Sue*, 10 Harv. L. Rev. 113 (1896). The Supreme Court of Florida said as much at least as early as 1921. *See Henderson v. Kendrick*, 82 Fla. 110 (1921). "Even if the legal right is of doubtful validity, it can still constitute valid consideration sufficient to support a contract or promise where the promisee a bona fide belief of a fair chance of success in the lawsuit. Furthermore, it is not necessary that the forbearance by promised or mentioned expressly in the language of the agreement." *Citibank Intern. v. Mercogliano*, 574 So. 2d 1190, 1191 (Fla. Dist. Ct. App. 1991) (internal citations omitted). Indeed, applying Florida law in *Delta Health Group*, the Eleventh Circuit found that forbearance from filing suit was "overwhelming evidence of consideration."

---

[4] An implied-in-fact contract is like an express contract: it requires offer, acceptance and consideration. *See Kunkler v. Fort Lauderdale Housing Authority*, 764 F. Supp. 171, 175-76 (S.D. Fla. 1991). The primary distinction is that, unlike with an express agreement, mutual assent "is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998) (citations omitted).

*Delta Health Group*, 327 F.App'x at 866.

For forbearance to constitute legal consideration, it is not necessary that the guarantor be the party against whom the creditor could bring the legal claim. "It is fundamental in the law of contracts that forbearance to sue on a debt, when the forbearance is bargained for, is good consideration for the promise of a third person, even though the claim is not asserted against the third person and the forbearance was of no advantage to [the guarantor]." *Bara v. Jones*, 400 So. 2d 88, 89 (Fla. Dist. Ct. App. 1981).

Thus, Yak cannot defeat Bell's pleadings by alleging a lack of consideration. Bell's agreement to forbear from seeking legal remedy against Spot Talk was sufficient consideration under Florida law. Yak's relationship to Spot Talk is irrelevant. What matters is that Bell believed, in good faith, that it had a valid legal claim against Spot Talk and that it forbeared from seeking legal remedy in exchange for Yak's written guaranty of Spot Talk's debt, and that Yak provided that written guaranty.

**B. Implied-in-Law and Promissory Estoppel**

Had Defendant established a lack of consideration for its guaranty, its motion to dismiss still would be denied, at least in part, because Defendant did not allege, let alone demonstrate, a deficiency in Plaintiff's pleading of Count III or Count IV of the Complaint.

Unlike an implied-in-fact contract, an implied-in-law contract is based on the creation of a legal fiction to serve equitable principles and prevent unjust enrichment. "Although the parties may have never by word or deed indicated in any way that there was any agreement between them, the law will, in essence, 'create' an agreement in situations where it is deemed unjust for one party to have received a benefit without having to pay compensation for it. It derives, not from a "real" contract but a 'quasi-contract.' " *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d

802, 805 (11th Cir. 1999) (citing *Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co.*, 695 So. 2d 383, 386 (Fla. Dist. Ct. App. 1997) (en banc)). The elements of an implied-in-law contract are: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Equity Contracting*, 695 So. 2d at 386.

Promissory estoppel similarly employs equitable principles where the requirements for a valid contract do not exist "yet the promise should be enforced to avoid injustice." *Doe v. Univision Television Group, Inc.*, 717 So. 2d 63, 65 (Fla. Dist. Ct. App. 1998). Following the Restatement (Second) of Contracts, the Supreme Court of Florida has held that a cause of action for promissory estoppel could arise when: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *W.R. Grace and Co. v. Geodata Services, Inc.*, 547 So. 2d 919, 924 (Fla. 1989) (quoting Restatement (Second) of Contracts § 90 (1979)).

Consideration is not an element of either an implied-in-law contract or promissory estoppel. Thus, in basing its motion to dismiss on an alleged absence of consideration, Defendant offered no legally sustainable rationale for dismissing Count III and Count IV of the Complaint.

### IV. CONCLUSION

The Court finds that Bell adequately pleaded in its Complaint facts sufficient to survive Defendant's motion to dismiss. Defendant limited its attack on Plaintiff's pleadings to an alleged absence of consideration, but forbearance, if proven, is adequate legal consideration, and thus Defendant has not proven a deficiency in Count I and Count II, for which consideration is a

foundational element. Moreover, because consideration is neither an element of an implied-in-law contract nor promissory estoppel, Defendant has not demonstrated that Count III or Count IV should be dismissed for failure to state a claim.

Accordingly, upon due consideration, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim for Which Relief Can be Granted (**DE #5**) be, and hereby is, **DENIED**. It is further **ORDERED, ADJUDGED,** and **DECREED** that Defendant shall answer the Complaint within 20 days.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building in Miami, Florida, this 12th day of September, 2012.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

*Counsel for Plaintiff*
**William Newton Shepherd**
Holland & Knight LLP
222 Lakeview Avenue
Suite 1000
West Palm Beach, FL 33401-3208
561-650-8338
Fax: 561-650-8399
Email: william.shepherd@hklaw.com

**Matthew Zvi Zimmerman**
Holland & Knight
222 Lakeview Avenue
Suite 1000
West Palm Beach, FL 33401
561-650-8307
Fax: 650-8399
Email: matthew.zimmerman@hklaw.com

*Counsel for Defendant*
**Andrew J. Vargas**
Trujillo Vargas, LLC
2828 Coral Way
Suite 435
Miami, FL 33145
Email: andrew@trujillovargas.com